UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANKIT A.,[1]<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | Case No. 1:26-cv-3908-TLN-JDP<br>(A# 246-758-760)<br>**ORDER** |

Petitioner, an immigration detainee, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 7, 2026, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 13.) Neither party has filed objections.

The Court presumes that any findings of fact are correct. *See Orand v. United States*, 602

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed *de novo*. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed *de novo* by both the district court and [the appellate] court[.]"). Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 7, 2026 (ECF No. 13) are adopted in full;

2. Respondents' Motion to Dismiss (ECF No. 8) is DENIED;

3. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED;

4. Respondents are ordered to IMMEDIATELY RELEASE Petitioner (A# 246-758-760) from their custody under the same conditions as Petitioner's prior release. Respondents shall not impose any additional restrictions on Petitioner, unless determined to be necessary at a future pre-deprivation hearing.

5. Respondents are ENJOINED from re-detaining Petitioner absent compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (2017). At any such hearing, Petitioner shall be allowed to have counsel present.

6. The Clerk of Court shall serve this Order on **California City Detention Facility**; and

7. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: July 16, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE